**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand twenty-four.

PRESENT:

    DENNIS JACOBS,
    RICHARD C. WESLEY,
    BETH ROBINSON,
        *Circuit Judges.*

───────────────────────────────────

UNITED STATES OF AMERICA,

    *Appellee*,

    v.        No. 21-209

FNU LNU, AKA CRUZ MANUEL RAMOS, AKA GARABATO, AKA LUIS, AKA CRUCIGRAMA,

    *Defendant-Appellant*,

RAFAEL SANTAMARIA, AKA CHUCHO, JUAN TAVERAS, AKA MERO, RICARDO BOBE, AKA MAESTRO, JAVIER FRANCO, AKA GRANDE,

*Defendants.*<sup>*</sup>

| | |
|---|---|
| FOR APPELLANT: | ALLEGRA GLASHAUSSER, Federal Defenders of New York, New York, NY. |
| FOR APPELLEE: | DANIEL H. WOLF & Hagan Scotten, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter is **REMANDED** to the district court for further proceedings consistent with this order.

Defendant-Appellant Fnu Lnu, aka Cruz Manuel Ramos appeals from a February 1, 2021 amended judgment denying in part and granting in part his petition to vacate his sentence under 28 U.S.C. § 2255. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to remand.

---

<sup>*</sup> The Clerk's office is directed to amend the caption as reflected above.

## I. Procedural History

In 2009 and 2010, in two separate trials, juries in the Southern District of New York convicted Ramos of six counts. The district court sentenced Ramos to a total of 348 months' imprisonment and 12 years' supervised release. The sentences on each count were as follows: (Count 1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, 240 months' imprisonment (the statutory maximum) and 3 years' supervised release; (Count 2) attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951, 240 months' imprisonment (the statutory maximum) and 3 years' supervised release; (Count 3) brandishing and using a firearm during and in relation to a crime of violence (during the attempted robbery), in violation of 18 U.S.C. § 924(c)(1)(A)(ii), 60 months' imprisonment and 5 years' supervised release; (Count 12) conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 836,[1] 288 months' imprisonment and 12 years' supervised release; (Count 14) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), 240 months' imprisonment and 12 years' supervised release;

---

[1] Although the judgment characterizes Count 12 as a violation of "21 U.S.C. § 836," that Count appears to concern 21 U.S.C. § 846.

(Count 15) possession with intent to distribute heroin, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(C), 240 months' imprisonment and 12 years' supervised release. The sentences on each count were to run concurrently, except for Ramos's carceral sentence on Count 3, which was to run consecutively.

Ramos's sentence was directly impacted in several ways by a prior New Jersey felony conviction. First, the NJ conviction placed him in Criminal History Category II, rather than Category I. Second, for Count 12, the NJ conviction raised his mandatory minimum term of imprisonment from 10 to 20 years and his mandatory minimum term of supervised release from 5 to 10 years. For Counts 14 and 15, it raised his maximum term of imprisonment from 20 to 30 years, and his mandatory minimum term of supervised release from 3 to 6 years. In total, the NJ conviction raised Ramos's aggregate mandatory minimum term of imprisonment from 15 to 25 years, and his aggregate mandatory minimum term of supervised release from 5 to 10 years.

Ramos subsequently sought collateral relief under 28 U.S.C. § 2255 for two reasons. First, he sought vacatur of the § 924(c) conviction—Count 3—in light of *Johnson v. United States*, 576 U.S. 591 (2015). Second, in 2018, New Jersey vacated Ramos's 1996 conviction, concluding it was the result of racial profiling by the

State Police. Ramos argued that he should be resentenced on all counts, not just Counts 12, 14, and 15—the counts directly mathematically affected by the vacatur of the NJ conviction—because his sentences were interdependent.

The government did not oppose resentencing on Counts 12, 14, and 15 because of the vacatur of the NJ conviction; however, it did oppose resentencing him on the remaining counts, arguing that they were not interdependent. The government also opposed dismissal of the § 924(c) count, arguing that attempted Hobbs Act robbery was a crime of violence. The government has since abandoned this argument.

On September 2, 2020, the district court granted in part and denied in part Ramos's Section 2255 petition. *FNU LNU v. United States*, 2020 WL 5237798, at *9 (S.D.N.Y. Sept. 2, 2020) ("*Ramos*"). The district court: (1) vacated Ramos's conviction on Count 3, (2) vacated the sentences imposed under Counts 12, 14, and 15 in light of the vacatur of Ramos's NJ conviction, and (3) declined to vacate Ramos's sentences on Counts 1 or 2. *Id.*

The district court explained "there [was] no proper basis for the vacatur of the sentences imposed" on Counts 1 and 2 because those sentences were unaffected by the NJ conviction. *Id.* at *8. The applicable Guidelines range for

Ramos at the time of sentencing for every non-§ 924(c) count was 324 to 405 months' imprisonment, based in part on his placement in Criminal History Category II. *Id.* Absent the NJ conviction, Ramos would have been in Criminal History Category I, and his Guidelines range on the non-924(c) counts would have been 292 to 365 months' imprisonment. *Id.* In either scenario, however, "the statutory maximum sentence of 240 months capped the authorized Guideline sentence for Counts 1 and 2 pursuant to U.S.S.G. section 5G1.1(a) and thus became the advisory Guideline sentence for those counts." *Id.* The district court concluded:

> Therefore, Petitioner's 240-month sentences on Counts One and Two remain equal to the actual Guideline sentence for each count and remain below both the original and the recomputed ranges under the Guideline formulae; they are neither violative of law nor suggestive of any miscarriage of justice.

*Id.* The district court also rejected Ramos's argument that the decrease in the overall mandatory minimum as a result of the vacatur of the NJ conviction—from 25 to 15 years—warranted resentencing on Counts 1 and 2. *Id.* The court explained:

> Petitioner asserts the resulting 25-year mandatory minimum term was "central" to the Court's determination as to the appropriate sentence overall, not just on the narcotics counts, because the Court stated that it had "considered the role of the mandatory minimum

6

> sentencing provisions with respect to the determination and structure of the sentence." The Court's acknowledgement of the mandatory minimums on the other counts when it imposed higher (but still below Guidelines) sentences on the narcotics counts and a lower, statutory maximum Guidelines sentence on each of the Hobbs Act counts suggests no legal error or otherwise improper connection between the narcotics sentences and the sentences on Counts One and Two.

*Id.* (internal citations omitted). Accordingly, the district court concluded there was "no proper basis for vacatur of the sentences imposed" on Counts 1 and 2 "because the sentences are not unlawful and the impact of the vacatur of the New Jersey Conviction and Ramos' Count Three conviction does not otherwise warrant relief under section 2255 from the sentences on Counts One and Two on grounds of 'a complete miscarriage of justice.'" *Id.* (quoting *United States v. Hoskins*, 905 F.3d 97, 106 (2d Cir. 2018), *cert. denied*, 140 S. Ct. 55 (2019)).

The district court resentenced Ramos on Counts 12, 14, and 15 on January 26, 2021. Given the district court's ruling that it would not resentence him on Counts 1 and 2, his sentence on those counts—20 years—was the lowest sentence Ramos could practically receive on resentencing. At Ramos's request, the court sentenced him to 20 years of imprisonment on each count, concurrent, followed by eight years of supervised release.

7

Ramos timely appealed, but did not seek a certificate of appealability. He argues that the district court erred in refusing to resentence him on all counts because (1) plenary resentencing is always required when one count of conviction is vacated via a successful collateral attack, or (2) the district court misunderstood its authority under Section 2255 to conduct plenary resentencing. The government counters these contentions and argues that Ramos's appeal should be dismissed for failure to obtain a certificate of appealability ("COA").

## II. Certificate of Appealability

For jurisdiction over an appeal from a final Section 2255 decision to vest in this Court, the district court or this Court must typically grant a COA. *See* 28 U.S.C. § 2253(c)(1)(B); *see also Krantz v. United States*, 224 F.3d 125, 126 (2d Cir. 2000). Nevertheless, "a COA is not required to appeal a resentencing following a successful § 2255 claim." *Kaziu v. United States*, 108 F.4th 86, 90 n.3 (2d Cir. 2024). Thus, a COA is not necessary to give us jurisdiction to review Ramos's challenge.

## III. Discretion to Resentence Under Section 2255

In the event of a successful collateral attack under Section 2255, the district court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear

appropriate." 28 U.S.C. § 2255(b). Section 2255(b) grants a district court "broad and flexible remedial authority, having vacated and set the judgment aside [due to a successful collateral attack], to resentence a defendant and correct the sentence as appropriate." *United States v. Gordils*, 117 F.3d 99, 103 (2d Cir. 1997) (cleaned up); *see also United States v. Peña*, 58 F.4th 613, 618–20 (2d Cir. 2023); *Kaziu*, 108 F.4th at 91 (2d Cir. 2024) ("[T]he plain text of § 2255(b) affords district courts the authority to choose between, *inter alia*, conducting a *de novo* resentencing on all remaining counts of conviction or merely correcting the sentence."). We review the district court's election of a remedy under Section 2255(b) for abuse of discretion. *Peña*, 58 F.4th at 619–20.

In *Kaziu*, we rejected the argument "that *de novo* resentencing is categorically required whenever a conviction is vacated on collateral attack." *Kaziu*, 108 F.4th at 91. Rather, the decision to conduct a full resentencing on all remaining counts of conviction when one or more counts are vacated rests within the sound discretion of the district court. *Peña*, 58 F.4th at 619–20. We therefore reject Ramos's first argument that plenary resentencing is always required when one count of a conviction is vacated via a successful collateral attack. *See Kaziu*, 108 F.4th at 91.

But *Kaziu* reaffirms the district court's discretion to resentence on all counts. *Kaziu*, 108 F.4th at 91. Upon reviewing the district court's decision here, it is unclear whether the district court understood it had discretion to resentence Ramos on all counts, and, if it did, the basis on which it exercised its discretion to decline to do so.

In its opening paragraph discussing Ramos's request for resentencing on Counts 1 and 2, the district court noted that "collateral relief under 28 U.S.C. section 2255 is generally available 'only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *Ramos*, 2020 WL 5237798, at *8 (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)). The court's decision not to resentence Ramos on Counts 1 and 2 may have been driven by the erroneous conclusion that it *could not* resentence Ramos on those counts absent an error of law relating to those counts or a miscarriage of justice. *See id.* ("Petitioner's 240-month sentences on Counts One and Two . . . are neither violative of law nor suggestive of any miscarriage of justice."); *id.* ("The Court's acknowledgement of the mandatory minimums on the other counts when it imposed higher (but still below-Guidelines) sentences

on the narcotics counts and a lower, statutory maximum Guidelines sentence on each of the Hobbs Act counts suggests no legal error or otherwise improper connection between the narcotics sentences and the sentences on Counts One and Two."); *id.* ("Accordingly, the Court finds that there is no proper basis for vacatur of the sentences imposed in respect of Counts One and Two, notwithstanding the newly calculated Guidelines range and reduction in the mandatory minimum for the narcotics counts, because the sentences are not unlawful and the impact of the vacatur of the New Jersey Conviction and Ramos' Count Three conviction does not otherwise warrant relief under section 2255 from the sentences on Counts One and Two on grounds of 'a complete miscarriage of justice.'" (quoting *Hoskins*, 905 F.3d at 106).

To clarify the record and to facilitate our review of this appeal, we remand to the district court pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). The purpose of this remand is to allow the district court to clarify (1) whether it understood and exercised its discretion under 28 U.S.C § 2255 in declining to resentence Ramos on Counts 1 and 2, and the basis on which it did so; or (2) if not, to exercise its discretion in the first

instance, including by indicating whether or not it would resentence if this Court entered a vacatur.

The mandate shall issue forthwith, and jurisdiction shall be restored to this Court without the need for a new notice of appeal if, within thirty days after entry of the district court's order, either party informs us by letter of the district court's decision. This letter should attach the district court's order, and may be accompanied by a writing, not to exceed ten double-spaced pages, providing additional argument in light of the district court's order. Upon the filing of the letter, the opposing party may file a response of the same maximum length within fourteen days. Following such notification, the reinstated appeal will be reassigned to this panel, to be decided without additional oral argument unless otherwise ordered.

* * *

For the foregoing reasons, this matter is **REMANDED** to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit